IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL ACTION NO. |
| v. | |
| ALLWELL JOHN IBAMA | 1:21-cr-54-MHC-CMS |

## REPORT AND RECOMMENDATION

This case is before the Court on Defendant Allwell John Ibama's Motion to Sever Defendant for Trial, pursuant to Federal Rule of Criminal Procedure 14(a). [Doc. 63].

On February 9, 2021, a federal grand jury returned a multi-count indictment against Ibama and two codefendants. The indictment charges Ibama with conspiracy to commit wire fraud (Count One), wire fraud (Counts Four, Seven, Eight, and Eleven), and conspiracy to commit money laundering (Count Twelve). [Doc. 22, Indictment]. In his Motion to Sever Defendant for Trial, Ibama states that his trial should be severed from that of his codefendants because one of them, Peter Oludele, has an outstanding indictment in another district and is the "mastermind" of the alleged scheme. Ibama argues that he will be prejudiced by being tried along with Oludele "both in terms of spillover and by the breadth of evidence that may be

introduced against Odudele that is irrelevant to [Ibama's case]." [Doc. 63 at 2]. He

provides no specifics as to what that spillover or irrelevant evidence might be. In

response, the Government argues that Ibama is properly joined in this case, that the

interests of judicial economy weigh against severance, and that Ibama has failed to

show that specific and compelling prejudice will result if his motion is not granted.

[Doc. 75]. Ibama did not file a reply.

Federal Rule of Criminal Procedure 8(b) governs joinder of defendants in the

same indictment:

> **Joinder of Defendants.** The indictment or information may charge 2
> or more defendants if they are alleged to have participated in the same
> act or transaction, or in the same series of acts or transactions,
> constituting an offense or offenses. The defendants may be charged in
> one or more counts together or separately. All defendants need not be
> charged in each count.

FED. R. CRIM. P. 8(b). And Federal Rule of Criminal Procedure 14 allows a district

court, in its discretion, to order separate trials when there are multiple defendants

charged in the same indictment:

> If the joinder of offenses or defendants in an indictment, an information,
> or a consolidation for trial appears to prejudice a defendant or the
> government, the court may order separate trials of counts, sever the
> defendants' trials, or provide any other relief that justice requires.

FED. R. CRIM. P. 14(a). The United States Supreme Court has admonished, however,

that when joinder is otherwise proper, "a district court should grant a severance

2

under Rule 14 only if there is a serious risk that a joint trial would . . . prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

"It is preferable for persons who are charged together to also be tried together, particularly in conspiracy cases." *Skillern v. United States*, No. 20-13380-H, 2021 WL 3047004, at *16 (11th Cir. 2021) (citing *United States v. Francis*, 131 F.3d 1452, 1459 (11th Cir. 1997)); *United States v. Kopituk*, 690 F.2d 1289, 1318 (11th Cir. 1982) ("Because it was necessary to prove the existence of the criminal enterprise and underlying conspiracy with respect to each defendant, a substantial portion of the government's proof would necessarily have had to be repeated for each defendant who was granted a separate trial. The interest of judicial economy was thus well-served by proceeding with a joint trial."). Severance is justified only when a defendant can show prejudice from which the trial court cannot provide adequate protection. *See United States v. Dorsey*, 819 F.2d 1055, 1058 (11th Cir. 1987), *cert. denied*, 486 U.S. 1025 (1988). The fact that a defendant may suffer some prejudice is not enough to justify severance, as a degree of prejudice is inherent in joint trials. *See United States v. Harris*, 908 F.2d 728, 736 (11th Cir. 1990). The defendant's allegations of prejudice must be balanced against the interest of judicial

3

economy and concomitant policy favoring joint trials in conspiracy cases. *See Kopituk*, 690 F.2d at 1318.

Ibama has not argued that joinder of the three defendants in this case is improper under Rule 8(b). With respect to the prejudice inquiry under Rule 14, Ibama's sole argument is that one of his codefendants is the mastermind of the scheme and that there will be more evidence against the codefendant than against him. [Doc. 63 at 2]. This generalized claim of possible prejudice from a joint trial is insufficient to show that there is an actual serious risk that a joint trial would compromise a specific trial right of a properly-joined defendant or prevent the jury from making a reliable judgment about guilt or innocence. *See Zafiro*, 506 U.S. at 539.

A defendant does not suffer compelling prejudice warranting severance simply because much of the evidence presented at trial applies only to a codefendant. *See United States v. Blankenship*, 382 F.3d 1110, 1123 (11th Cir. 2004). Ibama has failed to articulate any compelling reason why trying all of the defendants together would unfairly prejudice him. For example, he has not alleged that there is evidence admissible against only Odudele that is so compelling that not even limiting instructions to the jury would minimize the risk of prejudice. *See id.* at 1124 ("Severance must be granted where evidence is admissible against only one

defendant only where that evidence is so convincing that not even limiting instructions are likely to prevent the jury from considering the evidence against all co-defendants."). Moreover, he has not alleged that his defenses are irreconcilable or mutually exclusive with those of his codefendants. *Cf. United States v. Crawford*, 581 F.2d 489, 492 (5th Cir. 1978) (finding that the joint trial of codefendants was intrinsically prejudicial based on the defenses that the various defendants asserted). Rule 14 of the Federal Rules of Criminal Procedure requires a compelling, specific, or actual allegation of prejudice to justify separate trials, and in this case, Ibama has failed to make that showing. Moreover, I conclude that the expense and inconvenience of separate trials outweigh any possible prejudice. *See Kopituk*, 690 F.2d at 1318.[1]

   **IT IS SO RECOMMENDED** this 14th day of April, 2022.

CATHERINE M. SALINAS
UNITED STATES MAGISTRATE JUDGE

---

[1] Ibama also asks for a severance under *Bruton v. United States*, 391 U.S. 123 (1968), despite acknowledging that "there are currently no disclosed statements presenting a confrontation issue" for trial. [Doc. 63 at 1]. In its response brief, the Government agrees that there are no statements naming or incriminating Ibama. [Doc. 75 at 3]. Ibama has not shown the existence of a *Bruton* statement to justify a severance.